**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES GRIMES,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-1783-MSS-CPT**

**PASCO COUNTY, *et al.*,**

**Defendants.**
___________________________________/

# ORDER

Grimes, a pretrial detainee, sues Pasco County, Pasco County Corrections, the county jail's classifications department, Chief Jenkins, I.C. Solutions, a medical service provider, an ADA coordinator, and a shift supervisor for federal civil rights violations. (Doc. 1) Also, Grimes filed a motion to supplement the complaint. (Doc. 2) Because a district judge "should freely give [a party] leave [to amend a pleading] when justice so requires," Grimes's motion (Doc. 2) to supplement the complaint is **GRANTED**. Fed. R. Civ. P. 15(a)(2).

Because Grimes sues a governmental entity and an officer and an employee of a governmental entity, the Court reviews whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Judicially noticed records from the Pasco County Sheriff's Office reveal that, on January 5, 2026, Grimes was detained in the county jail after his arrest for felony

battery. Pasco County Sheriff's Office, In Custody, *available at* https://jailinfo.pascocorrections.net/jmc/#/inCustody. Grimes, who is legally blind, drafted the complaint with assistance from other inmates in the county jail. (Doc. 1 at 14, 16) He attaches medical records to the complaint demonstrating that cataracts caused his blindness and that his vision may improve with surgery. (Doc. 1-2 at 2–6)

Grimes alleges that, when he entered the county jail, he informed both guards and medical staff that he is blind and contends that he received no assistance or accommodations for his disability. (Doc. 1 at 17) He alleges that he was assigned to a cell in the county jail's general population and relied on other inmates to assist him with his daily needs. (Doc. 1 at 17) He alleges that the other inmates submitted written grievances for him on a tablet. (Doc. 1 at 17–18) He alleges that the officials who responded to the grievances did not provide any assistance or accommodation for his disability. (Doc. 1 at 18–19) He alleges that he cannot send and receive text messages to communicate with persons outside the county jail and that a telephone service provided by I.C. Solutions is prohibitively expensive. (Doc. 1 at 19) He alleges that he is unable to communicate with the attorney who represents him in his state criminal case. (Doc. 1 at 20)

Grimes acknowledges that he is scheduled to receive care from an eye doctor who works outside the jail. (Doc. 1 at 21) However, he seeks assistance with daily activities in the county jail because of his blindness. (Doc. 1 at 21) Also, in grievance forms attached to his complaint, he contends that his eyesight worsened because of the delay in medical care in the county jail. (Doc. 1-2 at 9) He asserts that the Defendants

violated his federal right against cruel and unusual punishment, his federal right to access to courts, and his federal rights under the Americans with Disabilities Act and the Health Insurance Portability and Accountability Act. (Doc. 1 at 3, 17) He demands monetary and injunctive relief. (Doc. 1 at 13)

In the supplement to the complaint, Grimes alleges that, on June 19, 2026, officials at the jail arranged a meeting between him and two females named Uhl and Pollock who manage programs at the county jail. (Doc. 2 at 2–3) He alleges that Uhl and Pollock asked him about his needs in the county jail and placed him in a medical dorm. (Doc. 2 at 3–5) He further alleges a person in the county jail interferes with his legal mail. (Doc. 2 at 5–6) He sues the person as John Doe and asserts that the person, who is a subordinate of Chief Jenkins, violated his federal rights. (Doc. 2 at 5–6)

**Fictitious Defendants**

The complaint names a "medical service provider," an "ADA coordinator," a "shift supervisor," and a John Doe as Defendants. (Docs. 1 at 13 and 2 at 5–6) "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit created a limited exception to this rule when the plaintiff's description of the defendant is so specific that there is no doubt about the identity of the party being sued. *Richardson*, 598 F.3d at 738 ("We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'") (citation omitted). Because Grimes's descriptions of the unnamed defendants are not sufficiently specific to enable a process server to accomplish service, the claims against

the "medical service provider," the "ADA coordinator," the "shift supervisor," and John Doe are facially deficient. *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020)[1] (holding that "descriptions [that] include only general physical attributes and a title that is held by many individuals [ ] fall well short of enabling a process server to identify a specific individual").

**Pasco County Corrections and Classification Department**

Because a jail is not an entity that may sue or be sued under Florida law, Grimes's claims against Pasco County Corrections and the county jail's classifications department are meritless. *Maldonado v. Baker Cty. Sheriff's Office*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021) ("[A] sheriff's office, jail, or detention center is not an entity subject to suit under Florida law."). *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("'[C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held.'") (quoting Fed. R. Civ. P. 17(b)).

**Claims under HIPAA**

Because "HIPAA generally prohibits the disclosure of medical records without a patient's consent [and] does not expressly create a private cause of action to enforce the prohibition on disclosure," Grimes's claims under HIPAA are meritless. *Laster v. CareConnect Health, Inc.*, 852 F. App'x 476, 478 (11th Cir. 2021).

---

[1] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

**Access to Courts**

Grimes alleges that he cannot send and receive text messages to communicate with persons outside the county jail and that a telephone service provided by I.C. Solutions is prohibitively expensive. (Doc. 1 at 19) He further alleges that he is unable to communicate with the attorney who represents him in his state criminal case and that a person, who is a subordinate of Chief Jenkins, interferes with his legal mail. (Docs. 1 at 20 and 2 at 5–6) Because Grimes fails to allege facts that demonstrate that any interference by the Defendants caused a denial or a dismissal of a direct appeal, habeas petition, or civil rights case, his access to courts claims are facially deficient. *Al-Amin v. Smith*, 511 F.3d 1317, 1332–33 (11th Cir. 2008). Also, because "'supervisory officials are not liable under Section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability," an access to courts claim against Chief Jenkins is meritless. *Christmas v. Harris Cty., Ga.*, 51 F.4th 1348, 1355 (11th Cir. 2022) (citation omitted).

**ADA Claims**

Because I.C. Solutions and the fictitious defendants are not a "public entity" under the ADA, the ADA claims against those Defendants are meritless. 42 U.S.C. §§ 12131(1) and 12132. *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) ("Since GEO is such a private corporation, we hold that GEO is not a public entity subjecting it to liability under Title II of the ADA and is, therefore, not a proper defendant in this action.").

**Deliberate Indifference Claims**

Because Grimes is pretrial detained in a county jail, his deliberate indifference claims based on the Eighth Amendment right against cruel and unusual punishment are meritless. *Jacoby v. Baldwin Cty.*, 835 F.3d 1338, 1344 (11th Cir. 2016) ("While the conditions under which a convicted inmate are held are scrutinized under the Eighth Amendment's prohibition on cruel and unusual punishment, the conditions under which a pretrial detainee are held are reviewed under the Due Process Clause of the Fourteenth Amendment.").

Even if the claims are construed as federal due process claims under the Fourteenth Amendment, the claims are facially deficient. Grimes asserts a deliberate indifference claim against Pasco County and Chief Jenkins, the administrator of the Pasco County jail, in his official capacity. (Doc. 1 at 2) An official capacity claim against a county official is a claim against the entity that the official represents — in this case, Pasco County. *Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020). To state a claim against Pasco County and an official capacity claim against Chief Jenkins, Grimes must identify a custom or policy by the Defendants that caused a constitutional violation. Because Grimes fails to identify a custom or policy that was the "moving force" behind a constitutional violation, Grimes fails to state a deliberate indifference claim against Pasco County and Chief Jenkins in his official capacity. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694–95 (1978).

**I.C. Solutions**

By contracting with Pasco County to provide telephone service to inmates, I.C. Solutions performs a function traditionally within the exclusive prerogative of the county and becomes the functional equivalent of Pasco County. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Because Grimes fails to identify a custom or policy by I.C. Solutions that was the "moving force" behind a constitutional violation, Grimes fails to state a claim against I.C Solutions. *Monell*, 436 U.S. at 694–95.

Because a more carefully drafted complaint could not state a HIPAA claim, an Eighth Amendment claim, a claim against Pasco County Corrections and the county jail's classifications department, and an ADA claim against I.C. Solutions and the fictitious defendants, those claims are **DISMISSED** with prejudice. Because a more carefully drafted complaint could potentially state a deliberate indifference claim and an access to courts claim, the deliberate indifference and access to courts claims are **DISMISSED** without prejudice and with leave to amend. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

No later than **45 DAYS** from the date of this Order, Grimes must either file an amended complaint or advise that he wants to proceed only with the ADA claims in the initial complaint against Pasco County and Chief Jenkins in his official capacity.

If Grimes files an amended complaint, Grimes must file the amended complaint on the standard form. M.D. Fla. L.R. 6.04(a)(3). He must label the form "Amended Complaint" and must write Case No. 8:26-cv-1783-MSS-CPT on the form. He must

assert all claims that he intends to raise on the form and must not incorporate by reference the earlier dismissed complaint. Also, he must separate each claim for relief in a separate count (*i.e.*, Count One, Count Two, Count Three), must allege facts in support of each count that would make it plausible that he is entitled to relief on that claim, and must identify against which defendant he asserts each count.

If Grimes does not know the name of a fictitious defendant, he may still sue the fictitious defendant by describing the defendant with sufficient particularity to permit service of process. For example, Grimes may sue an unnamed defendant by accurately describing the defendant on page 2 of the standard form as "older male sheriff's deputy who worked as a shift supervisor at Cell Block B on January 5, 2026, at 3:30 P.M. in the Pasco County jail." Also, he may learn the name of the defendant by requesting documents from the county jail.

Grimes fails to either pay the filing fee or move for leave to proceed *in forma pauperis*. No later than **45 DAYS** from the date of this Order, Grimes must complete a "Prisoner Consent and Financial Certificate" form if he seeks to proceed as a pauper and incur the pauper's $350.00 filing fee. Grimes may instead pay the full $405.00 filing fee if he does not seek to proceed as a pauper. The Clerk is **DIRECTED** to enclose with this Order the standard form for a federal civil rights complaint and a "Prisoner Consent and Financial Certificate" form.

**GRIMES'S FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE. M.D. FLA. L.R. 3.10.**

**DONE AND ORDERED** in Tampa, Florida on July 16, 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**________ DIVISION**

**__________________________,**
**PLAINTIFF**

**v.** **Case No.__________________**

**__________________________,**
**DEFENDANT**

# PRISONER CONSENT AND FINANCIAL CERTIFICATE

I, ______________________________________, Plaintiff in the above-entitled action, understand that:

1. If I submit a **civil complaint** (for example, a civil rights action under 42 U.S.C. § 1983 or 28 U.S.C. § 1331), pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915 (as amended), **I must pay the $350.00 filing fee in full**. This means that, regardless of the court's disposition of my case (which may include dismissal), I AM STILL OBLIGATED TO PAY THE ENTIRE $350.00 FILING FEE; and

2. I must request that an authorized official at my present place of confinement complete the Financial Certificate below and attach a computer printout reflecting all transactions in my prison account for the six month period preceding the filing of my complaint. If I have not been incarcerated at this institution for six months, I must also obtain account printout(s) **from each penal facility** at which I may have been confined during the relevant six month period and provide the printout(s) to the authorized official completing my Financial Certificate. If I fail to provide printouts for the entire six month period or do not satisfactorily explain my inability to do so to the court, my motion to proceed *in forma pauperis* may be denied or my case may be **dismissed without further notice**; and

3. The officials at the institution at which I am presently confined or any institution to which I may be transferred are hereby authorized to forward to the court an initial partial filing fee, which shall be 20% of my average monthly balance (line #2 of the Financial Certificate, below) or the average monthly deposits to my account (line #3 of the Financial Certificate, below), whichever is greater; and

4. The officials at the institution at which I am presently confined or any institution to which I may be transferred are hereby authorized to make additional monthly payments from my account until the balance of the required $350.00 filing fee is paid. These additional monthly payments will be equal to 20% of all of the preceding month's deposits to my account. Institution officials shall submit these monthly payments directly to the Court whenever the funds in my account exceed $10.00 until the full filing fee is paid.

________________________________ _______________

**Signature of Prisoner** **Date**

________________________________ _______________

**Prisoner's Name (print)** **Prisoner Number**

****************************************************************

**<u>FINANCIAL CERTIFICATE</u>**

(To Be Completed by Authorized Penal Official)

COMPUTER PRINTOUT SHOWING ALL TRANSACTIONS IN THE INMATE'S
PRISON ACCOUNTS FOR THE PRECEDING SIX MONTHS **MUST** BE ATTACHED

1. CURRENT ACCOUNT BALANCE ___________

2. AVERAGE MONTHLY BALANCE FOR PRECEDING SIX MONTHS ___________

3. AVERAGE MONTHLY DEPOSITS FOR PRECEDING SIX MONTHS ___________

4. INITIAL FILING FEE: 20% of the greater of #2 or #3 ___________
(Subject to verification by the Court.)

* The inmate is responsible for obtaining the required printout(s) from each institution at which the inmate may have been confined during the preceding six months and to provide the printouts to the official completing this form.

If printouts or the above calculations do not represent the preceding six month period in its entirety, the official completing this form should explain here:

**I hereby certify that, as of this date, the above information for the prison account of the inmate named herein is correct.**

______________________________ ______________________

**Signature of Authorized Official** **Date**