United States District Court
Middle District of Florida
Tampa Division

James Grimes
Plaintiff,

v.

Pasco County, Et Al.,
Defendants.

CASE NO. 8:26-CV-1783-MSS-CPT

# Motion To Supplement Factual Evidence.

Comes now the plaintiff in the above style cause and manner and prays that this honorable Court whom does in fact retain Jurisdiction for all subject matter in this/his petitioner's case and cause entertain this Motion To Supplement Factual Evidence for the following "Statement of Claim" and "Factual Evidence"

# "fictitious Defendants" Statement of Claim And factual evidence

Plaintiff filed his "Original" 42-USC-1983 "Prisoners" Civil Rights Complaint with This Court And The Honorable Judge Mary S. Scriven did in fact Order Petitioner to Comply within 45 days of Her Honors Order Signed And Done And Order on July 16, 2026. Petitioner Has in fact Complied with "All" Directives in the Afore-mentioned Order within the "Time-line And" Time-frame" set forth by This Honorable Court. Plaintiff wishes to Bring forth "New factual" evidence in This Case. In The Order Signed By Her Honor Judge Mary S. Scriven - Plaintiff's "fictitious Defendants Parties" were Dismissed As facially deficient Defendants or Parties in

Accordance with Richardson v. Johnson, 593 F.3d 734, 738 (11th Cir. 2010). And Vielma v. Gruler, 808 F. App'x 872, 880 (11th Cir. 2020). To Quote the Record in the July 16, 2026 Order from this Court Under "fictitious Defendants it plainly States," Because of Grimes's description of the unnamed defendants are not Sufficie-ntly Specific to Enable A process server to Accompl-ish service, The claims Against the "medical service provider," the "ADA Coordinator," the "shift supervisor," And John Doe Are facially defici-ient. If it pleases the Court - Plaintiff Asserted that the "County Jail Tablets" Provided for Communication Purposes with "Jail Officials" for Request, Inquiries And Grievances "Did Not" Have

The responding "Jail officials" Name or Identification number was never Accompanied By "Their" Responses. Hence - "No Transparency" And No way" for A "Civil or Criminal" "Petitioner - Plaintiff To file "Claim or Suit" Against Them, If A Plaintiff Does not even Know the Gender of the "Potentional Defendant" Parties Because of The lack of Transparency on The "Jail officials" Behalf And Me Cannot provide the Courts with Any information other than "Someone in The "ADA" Department or A "Shift Supervisor" And A process Server is unable to Serve Process - Then the "Jail officials" have Successfully By "lack of Transparency" Created their own Immunity from Suit or Prosecution for A Defendant that

would otherwise "Not" Be Afforded "Qualified Imm-unity" Status "under Color of flag" Because Pasco Corrections officials Are "not" Sheriff's Deputies And The Jail officials in The Jane And John Doe "fictitious Defendants" parties Are not Immune Either. Plaintiff Has learned the Identities of Several of The Excluded And Dismissed "fictitious Defendants" but only After Plaintiff filed His Amended Complaint, Even though Plaintiff was in Posession of An Order By This Court That states in part that if Petitioner "Grimes Does not Know the name of A fictitious Defend-Ant" He may still sue the fictitious Defendant by desc-ribing the defendant with sufficient particularity to

permit service of process. Also, he may learn the name of the defendant by requesting documents from the County Jail. Plaintiff and fictitious Defendants only interaction was on the Jail Tablets. Although Plaintiff was able to eventually Identify "Some" of The Defendants for the Courts in "Time" to Comply with His Order to "Amend Complaint" so Plaintiff was unable because of Defendants "Self made Immunity" "No Transparency" To Physically Allow A process server to serve process. And the Alternative Identification of Jail Officials was also Thwarted By Jail officials that even though Plaintiff was indigent, And in possession of A signed Court Order By this Court - Procrastinated

By Obvious Deceitful means And practices By Demand-ing Advance payments for "workflow" Interaction Copies that would have produced the Applicable Defendants from the "fictitious Defend-Ant Parties" that were Dismissed. County Jail official "Programs Supervisor" Jillian Uhl, Did in fact "Eventually Comply" with the Courts Order by Producing the Aforementioned Records "Workflow" Interaction" Reports. The plaintiff has included in his past "filings in this case" Copies of these "workflow" Interaction Reports and if it pleases the Court to look at Any of the "Workflow Interactions" the Court will plainly see that they were printed By J. Uhl I.D. #15241 on 8-28-2026. Plaintiff had in fact "Already" mailed

His Amended Complaint to THE Courts, Excluding multiple "fictitious Defendants" Although "Jillian Uhl" made All past "lack of Transparency" Come to light By Ex-post-facto And retroactive Application of Having the "Tablet Service Provider" include Names And I.D. numbers to past Request, Inquiries And Grievances. Plaintiff wishes the Courts to Know that By no means is he A Qui-Tam-Relator, that is for the Government but He does want to point out to this Honorable Court And only Because of paralell relevance to His case that Plaintiff can say with an "Almost" paradoxical "certainty" that many plaintiff's Before Him Have Had their Causes And Claims Dismissed Because of "fictitious Defendants" Ability

to Be served by A process Server And Also By THE One And Same "lack of Transparency Policy" Creating An "Immunity" for themselves THAT WAS not Authorized By Any legislature, Any legislature Intent, Any State or Federal law to the Contrary. Plaintiff Concedes that Because of this "Past" Policy He did in fact Suffer Irrepairable Injury By "Defendants" - Plaintiff wishes to make Known to this Honorable Court that the Pasco County Jail And THE Pasco County Corrections "most likely" "Speculation on my part I do Concede, would employ A staff of Hundreds of Employess, And It has I.T Service Techs And Tech Staff And Tablet Providers, Companies And

Corporations And Until "I" made it Known to This Honorable Court That noone ever noticed This "lack of Transparency" By Jail officials who Are not Imm-une to prosecution - But made Their own, By Hiding Their identities for their Responses to Detainees.

## Supplementation To Access of Courts Claim

The County Jail Tablets Have An LEXISNEXIS law library application that is not As of this Date of October 23Rd, 2026 "ADA" Compliant for Blind or Visually Impaired Detainee's, It Does not Have A "Screen Reader" Application and The Tablet's surface is Also smooth Not Allowing A Blind Detainees to ever Access it's visual functions, No meaningful

Access to the Courts for A Blind or Visually Impaired "Pro. Se: litigant either Civil or Criminal in Nature. Once Again the "Possible litigants And litigations were in fact thwarted By "County Jail Officials" I say officials in the Plural Sense Because As The Plaintiff in this case I Have in fact Asked this Honorable Court the question of whom is the "Actual" Proper Defendant" in the Applications on the Tablets And The Tablets Themselves, I Have Also Had "FNU-Minkofer" lay Blame on Lieutenant Phillips Jillian Uhl's Superior over programs At the Jail, "FNU-Minkofer" is the Jails "ADA" Coordinator And by Virtue of The Job And Title it would imply that "SHE" "FNU-Minkofer

would in fact Be responsible for "ADA" Compliance such as screen reader Applications on the Tablets So that All Detained persons would enjoy "Constitutionally guaranteed" Access to the Courts And Due Process. "FNU-Hinkofer" Never Afforded This Plaintiff Any Implements for the Blind - Such As A Tapping Cane - A "Qualified Reader" - A para-legal to Assist at anytime. A Screen-Reader Application for the law library or for Keefe Commissary in which "FNU Tina" is A Defendant. Plaintiff Does not Have the capability of investigating in A timely manner into His "Claims" And Allocating Blame into "All" proper parties. As Already stated, The County Jail officials will not timely Honor this

Honorable Courts Orders unless they are warned By this Honorable Court to Comply with it's orders And Allow Plaintiff to go unimpeded in any and all fact finding and Access to records that are not a risk to be associated with penelogical interest. Plaintiff Contends that The Jail officials to include "Dismissed fictitious Defend-ants" But not limited too, Have actively participated in a Conjoined effort to thwart plaintiff's right to know pertaining to his causation. Plaintiff Asserts that He Has in fact as a pre-trial Detainee and Civil litigant Done his Due Diligence in not wasting this Courts time, money, efforts or resources. And at this Juncture Plaintiff once again implores this Honorable

Court to Appoint Pro. Bono Counsel Because Plaintiff's Abilities to properly investigate further into this Action Has and most likely Being that He must rely on the very same "Potential Defendants" Be Denied Availability to records, Documentation, Names Identification numbers And Be further Predjudiced by Defendants "Potentional litigants, Other Staff members And their friends, Co-workers And Actual family members that Are in Pasco County's employ. Plaintiff is not well versed in legal matters nor Judicial procedures And He Has validly tried To obtain Pro. Bono Counsel to Be Able to properly present Plaintiffs case and Because Some Subject matter is more Novel And requires An expert.

# Certificate of Service

Petitioner James Grimes
Has in fact sent this
Original Document Titled
"Motion To Supplement"
Factual Evidence
To The following Party
By United States Mail
Service on this Date of
October 23rd, 2026

S: James E. Grimes

United States District Court
Middle District of Florida
Tampa Division
Office of The Clerk
United States Courthouse
Tampa, Florida 33602